## Commonwealth v. Salamone

*Samuel R. Liever* and *LeRoy Hyman*, for appellant.

*Peter F. Cianci*, Assistant District Attorney, and *Raymond C. Miller*, Deputy Attorney General, for Commonwealth.

HESS, J., November 4, 1957.—Frank Salamone and Gordon's Bar B-Q were arrested on charges of having failed to comply with provisions of section 2.2 of the Act of July 24, 1913, P. L. 965, as variously amended, 76 PS §242.2. The pertinent provisions provide that: "All meat and meat products, poultry and poultry products, except eggs, shall be sold by weight; only eggs may be sold by numerical count." Defendants were adjudged guilty before an alderman and from that conviction have appealed to this court. Two questions are presented for our determination:

(1) Does the section quoted apply to the sale of barbecued chickens?

(2) Has the Commonwealth established the guilt of defendants beyond a reasonable doubt by proving that the barbecued chicken in question had not in fact been sold by weight?

The testimony would indicate that a State inspector of weights and measures entered the premises where defendants were engaged in business and asked for a chicken. Mr. Salamone, the individual defendant, took one from the barbecue machine and wrapped it in tin foil. The witness asked: "How much?" He said: "A dollar fifty-nine a piece." There is also testimony that the chicken was not weighed in front of the purchaser, but that there was a scale on the premises. The purchaser admitted on cross-examination that he did not know whether the chicken had been weighed before he came in. There is no evidence in the record of any advertisement, price list or other information indicating in what manner the chickens were being sold. It is conceded by all parties that barbecued chickens are chickens which have been cooked or barbecued and are ready to eat.

(1) Does the section quoted apply to the sale of barbecued chickens?

The Act of 1913, supra, prior to the amendments added by the Act of May 18, 1945, P. L. 788, did not apply to chicken and poultry products: Commonwealth v. The Great Atlantic & Pacific Tea Co. et al., 35 D. & C. 288. The amendatory provisions specifically included ". . . poultry and poultry products, except eggs, . . ." Defendants contend that to extend the construction to include chickens that are cooked and ready to eat was not intended by the legislature. At the argument the Commonwealth conceded that the requirements of the act would not apply to restaurants when food is served to patrons. Under the testimony in the record before us there is no evidence to

justify a finding that defendants' business is a restaurant business. The transaction now in question involved the sale of a chicken, prepared and ready to eat, for consumption off the premises where the sale took place.

Defendants cannot escape the regulatory provisions requiring that "poultry and poultry products" be sold by weight merely because the chicken was barbecued and ready for consumption. Many kinds of cold meat products are sold in a condition or state in which they are prepared for immediate consumption, i. e., baked and boiled ham, bologna and other meat products. We would consider the articles mentioned in the examples cited as commodities which must be sold by weight even though they are ready for immediate consumption. Likewise, under the facts in the record before us, we conclude that a barbecued chicken must be sold by weight. We can conceive of instances when a barbecued chicken might be sold under circumstances which would constitute restaurant business, but that situation is not now before us.

(2) Has the Commonwealth established the guilt of defendants beyond a reasonable doubt by proving that the barbecued chicken in question had not in fact been sold by weight?

It is our conclusion that the record does not support a conviction. As we have previously indicated, the purchaser admitted that he did not know whether the chicken had been weighed before he came in. This prosecution was not brought under the provision of section 2.1 of the amendatory Act of 1945, supra, which requires that commodities shall be ". . . weighed in full view of the purchaser at the time of sale, . . ." The seller did inform the purchaser that the chickens were "A dollar fifty-nine a piece" but, as far as we know, all of the chickens in the barbecue

machine may have been the same weight and may have been weighed prior to the time of the actual sale. It is admitted that there was a scale on the premises, and there is no evidence of advertisements or of posted sales price as was present in Commonwealth v. Great Atlantic & Pacific Tea Company, supra.

And now, to wit, November 4, 1957, for the reasons stated in the foregoing opinion, the appeal is sustained and defendants are adjudged not guilty.